**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF  COLORADO**

**Civil Action No. 1:05-cv-01883-REB-CBS**

**EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,**

**Plaintiff, and**

**YOLANDA CARRILLO,**

**Plaintiff/Intervenor**

**v.**

**ACEPEX MANAGEMENT CORPORATION,**

**Defendant.**

---

**CONSENT DECREE**

---

**TABLE OF CONTENTS**

**I.  RECITALS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**II.  JURISDICTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**III.  ISSUES RESOLVED** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**IV.  RELIEF FOR PLAINTIFF/INTERVENOR** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**V.  EQUITABLE RELIEF** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

       **A.**      **Scope** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

       **B.**      **Injunctive Relief** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

       **C.**      **Anti-discrimination Policy** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

       **D.**      **Training** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

       **E.**      **Posting of Notice** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

       **F.**      **Foreign Language Translations** . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

       **G.**      **Record Keeping And Reporting Provisions** . . . . . . . . . . . . . . . . . . . . 7

**VI.  RETENTION OF JURISDICTION AND FILING OF DECREE** . . . . . . . . . . . . . . . 9

**VII.  ENFORCEMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**VIII.  EEOC AUTHORITY** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**IX.  COSTS AND ATTORNEY'S FEES** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**X.  NOTICE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**Attachment A** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## I. RECITALS

1.      This matter was instituted by Plaintiff, Equal Employment Opportunity

Commission ("Commission" or "Plaintiff" or "EEOC"), an agency of the United States

government, alleging that, Defendant Acepex Management Corporation ("Defendant")

discriminated against Yolanda Carrillo by maintaining a hostile work environment based on

gender, and by retaliating against her for complaining about gender discrimination.

2.      The Commission, Defendant, and Ms. Carrillo, desiring to settle this action by an

appropriate Consent Decree ("Decree"), agree to the jurisdiction of this Court over the parties and

the subject matter of this action, and agree to the power of this Court to enter a Consent Decree

enforceable against the Parties hereto.

3.      This Decree is final and binding upon the parties as to the issues resolved, as well

as upon their successors and assigns.

4.      The parties agree that this Consent Decree fairly resolves the issues alleged in this

lawsuit, and constitutes a complete resolution of all of the Commission's claims of unlawful

employment practices under Title VII that arise from the charge of discrimination filed by

Yolanda Carrillo, Charge No. 320-2004-00007.  A separate agreement between Defendant and

Ms. Carrillo constitutes a complete resolution of all of Ms. Carrillo's claims that arise from her

charge of discrimination, as well as other claims as specified therein.

5.      For the purpose of amicably resolving disputed claims, the Defendant joins with

the Commission and Ms. Carrillo in requesting this Court to adjudge as follows:

IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

## II.  JURISDICTION

6.      The parties stipulate to the jurisdiction of the Court over the parties and subject matter of this action, and have waived the entry of findings of fact and conclusions of law.

7.      The duration of this Decree shall be three (3) years from the date of signing by the Court.

## III.  ISSUES RESOLVED

8.      This Decree resolves all claims for damages arising out of the issues and claims set forth in Civil Action No.1:05-cv-01883-REB-CBS.

9.      Defendant and its officers, agents, employees, successors, and all other persons in active concert or participation with any of them will not interfere with the relief herein ordered, but shall cooperate in the implementation of this Decree.

## IV.  RELIEF FOR PLAINTIFF/INTERVENOR CARRILLO

10.      In full settlement of all monetary claims on behalf of Ms. Carrillo, Defendant agrees to pay a total of $100,000 Carrillo for compensatory damages, including physical injuries, and $90,000 to her attorneys, John S. Evangelisti, Esq and Gregory A. Hall, Esq. for attorney fees and costs.

> 10.1   Payments pursuant to this Paragraph 10 shall be paid to Yolanda Carrillo and her attorney by certified check within fifteen business days after entry of this Consent Decree by the Court, with a copy of the checks to EEOC counsel;

> 10.2   Defendant shall prepare and provide tax-reporting forms to Yolanda Carrillo and her counsel, John S. Evangelisti, Esq.

**11.** Defendant shall provide a written apology and a positive letter of reference to Ms. Carrillo.

## V.   EQUITABLE RELIEF

**A.** **Scope**

**12.** The terms of this Decree shall apply to all Acepex facilities and employees in Colorado.

**B.** **Injunctive Relief**

**13.** During the term of this Consent Decree, Defendant, its officers, agents, successors and other persons in active concert or participation with it, or any of them, are enjoined from engaging in any employment practice which discriminates on the basis of gender.

**14.** During the term of this Consent Decree, Defendant, its officers, agents, successors and other persons in active concert or participation with them, or any of them, are enjoined from engaging in reprisal or retaliation of any kind against any person because of such person's opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964, as amended, because of such person's filing a charge, testifying or participating in any manner in any investigation, proceeding, hearing or lawsuit under any of these statutes, because such person was identified as a witness or possible witness for the Commission, because such person participated in any manner in this action or in the investigation giving rise to this action, or because such person is designated as an aggrieved individual under this Decree.

**C.     Anti-discrimination Policy**

15.     Defendant shall adopt and/or maintain a policy proscribing discrimination based on gender, and proscribing retaliation against any employee who complains about gender discrimination or who files a charge of discrimination alleging gender discrimination. ("Anti-Discrimination Policy").  Defendant shall post and keep posted for the duration of this Decree, in a conspicuous place in each of its facilities in Colorado, where notices to employees and applicants for employment are customarily kept or posted, a copy of the Anti-Discrimination Policy in both English and Spanish.  Within thirty (30) days of entry of this Decree, Defendant shall provide a copy of the Anti-Discrimination Policy to all employees and will provide the policy to newly hired employees within ten (10) days of their hire.  The policy will be provided in English and Spanish.  Within forty-five (45) days of entry of this Decree, Defendant shall forward a copy of the Anti-Discrimination Policy to the Commission and a letter indicating that the Anti-Discrimination Policy has been posted and distributed.

**D.     Training**

16.     Beginning in calendar year 2006, and annually thereafter, Defendant shall conduct annual training for all its employees on what constitutes employment discrimination.  Training will include employee notification of the Defendant's policy and procedures for registering complaints of discrimination.  Defendant agrees that said training will also counsel employees on the penalties of engaging in such discriminatory behavior.  Defendant agrees that said training will include the Defendant's non-retaliation policy.  All training under this Paragraph 16 shall be at Defendant's expense, conducted by outside vendors or by video training approved by the EEOC, which approval will not be unrerasonably withheld, and will be conducted in both

Spanish and English, either in separate sessions or simultaneously with the aid of an interpreter. The training will be conducted as follows:

### 16.1   Non-managerial Employees.

Defendant will require non-managerial employees to attend one (1) hour of training per year regarding workplace discrimination, with emphasis on harassment and retaliation. Harassment training will include discussion of harassment based on race, color, national origin, gender, age, religion, and disability.  Additionally, Defendant will require new employees to complete the requisite training, within ten (10) days of being hired.

### 16.2   Managerial and Supervisory Employees

Defendant will require all individuals who work in a managerial or supervisory capacity to receive at least six (6) hours of training *annually* regarding Title VII and other federal anti-discrimination laws, two (2) of the six (6) hours must directly address sexual harassment, retaliation, and gender discrimination.  Additionally, Defendant will require employees newly hired or promoted into a managerial or supervisory position to complete the requisite six (6) hours of training within sixty (60) days of being hired or promoted.

### 16.3   Human Resource Employees

Defendant will require at least one employee with human resource responsibility for Acepex employees in Colorado to receive at least fourteen (14) hours of training *annually* regarding Title VII and other federal anti-discrimination laws.  Five (5) of the fourteen (14) hours must directly address sexual harassment, retaliation, and gender discrimination.  Additionally, Defendant will require employees newly hired or promoted into a human resource position to complete seven (7) hours of general EEO training within sixty (60) days of being hired or

promoted into a human resource position.

17.     Defendant agrees that the first such training session for each employee group identified in Paragraph 16, above, will take place within one hundred twenty days after entry of this Decree.  Defendant agrees that all personnel shall both register and attend the seminar training sessions.  In the semi-annual reports required under the Reporting provisions of this Decree, Defendant shall submit copies of the agenda of the training programs, identify the individuals providing the training, and provide the registries of attendance.

18.     The Commission, at its discretion, may designate one or more Commission representatives to attend any of the seminar-training sessions described above, and the Commission representative(s) shall have the right to attend training sessions, and ask or respond to questions.  Defendant shall provide the Commission with thirty days notice that a seminar-training session will be conducted.

**E.     Posting of Notice**

19.     Within five (5) business days of the entry of this Consent Decree, Defendant shall post in a conspicuous place in each of its facilities where notices to employees and applicants for employment are customarily kept or posted, the Notice attached as Attachment A to this Decree. The Notice shall be posted in both Spanish and English and shall remain posted for the duration of this Decree.  If the Notice becomes defaced or illegible, Defendant will replace it with a clean copy.  Defendant shall certify to the Commission, in writing, within twenty (20) days of entry of this Decree that the Notice has been properly posted in both Spanish and English and shall provide  recertification in each of the semi-annual reports required under the Reporting provision of this Consent Decree.

**F.      Foreign Language Translations**

20.      Within sixty (60) of entry of this Decree, Defendant will obtain Spanish-language translations for its employee handbook, and all other presently existing policy documents provided to employees, or posted for employees to see.

21.      All documents related to equal employment opportunity policies published to employees by way of posting will be posted in both Spanish and English.

**G.      Record Keeping And Reporting Provisions**

22.      For the duration of this Consent Decree, Defendant shall maintain all records concerning implementation of this Consent Decree.  The Commission shall have the right to interview any personnel employed by Defendant for the purpose of determining Defendant's compliance with the terms of this Consent Decree.  In the event the Commission exercises its right to interview personnel at Defendant's premises, EEOC will provide Acepex at least 24 hours prior notice, and will cooperate with Acepex so as to cause a minimum of disruption to operation of the business.

23.      Each party shall bear its own costs in conjunction with the maintenance of records, preparation of any report, access or copying of records, or interviews of employees.

24.      Defendant shall provide semi-annual reports for each six-month period following the entry of the Decree.  The reports shall be due thirty days following the respective six-month period, except the final report which shall be submitted to the Commission two weeks prior to the date on which the Consent Decree is to expire.

**25.** Each report shall provide the following information:

    **25.1** **Complaints of Gender  Discrimination**

        **25.1.1** For purposes of this Paragraph 26.1, the term "complaint of gender discrimination" will include any written or verbal complaint which alleges discrimination based on gender, or alleges conduct which the Defendant recognizes as presenting an allegation of gender discrimination.  For example, an employee may complain that she was denied promotion because of her sex, or that co-workers are telling offensive sexual jokes. These are "complaints of discrimination" even though the employee does not expressly allege discrimination.

        **25.1.2** The name, address and telephone number of each person making a complaint of gender discrimination to Defendant or to any federal, state, or local government agency.

        **25.1.3** A brief summary of each complaint, including the date of the complaint, the name of the individual(s) who allegedly engaged in the discriminatory conduct, the Defendant's response to the complaint, the name of the person who investigated or responded to the complaint, and what, if any resolution was reached;

        **25.1.4** Copies of all documents memorializing or referring to the complaint, investigation, and/or resolution thereof.

**26.2    Training**

**26.2.1**  For each training program required under Paragraphs 16.1 and

16.2, and conducted during the reporting period, Defendant shall submit a

registry of attendance.

**26.2.2**  For each training program required under Paragraph 16.3, and

completed during the reporting period, Defendant shall provide a

certificate of completion.

**26.2.4**  For each training program conducted during the reporting period,

Defendant will identify the vendor and provide a copy of the program

agenda.

**26.3    Posting of Notice**:  Defendant shall re-certify to the Commission, that the

Notice required to be posted under Paragraph 19 of this Consent Decree has been

properly posted in both Spanish and English, or if removed, was promptly

replaced, during the duration of the reporting period.

## VI.  RETENTION OF JURISDICTION AND FILING OF DECREE

**26.**    This Court shall retain jurisdiction of this cause for purposes of compliance with

this Decree and entry of such further orders or modifications as may be necessary or appropriate

to effectuate equal employment opportunities for employees.  Upon submission of the final report

referenced in Paragraph 25, and the expiration of a period of 30 days after submission of said

report, within which the Commission has not filed an objection thereto, the Commission and

Defendant shall promptly file a Joint Stipulation for Dismissal with Prejudice ("Joint

Stipulation") of this civil action, upon which filing this Decree shall automatically dissolve, and

this Civil Action shall be dismissed with prejudice.  If the Commission files an objection to the final report within said 30-day period, the Parties will file the Joint Stipulation promptly after the Court's resolution of the Commission's objection.

## VII.  ENFORCEMENT

27.      There is no private right of action to enforce Defendant's obligations under the Decree and only the Commission may enforce compliance herewith.

28.      Enforcement may be had by the Commission or Defendant petitioning the Court for enforcement of the terms of this Decree.

## VIII.  EEOC AUTHORITY

29.      With respect to matters or charges outside the scope of this Decree, this Decree shall in no way limit the powers of the Commission to seek to eliminate employment practices or acts made unlawful by any of the statutes over which the EEOC has enforcement authority, and are unrelated to the claims asserted in this lawsuit.

## IX.  COSTS AND ATTORNEY'S FEES

30.      Except as specifically set forth herein, each party shall be responsible for and shall pay its own costs and attorney's fees.

## X.  NOTICE

31.      Any notice, report, or communication required under the provisions of this Decree shall be sent by certified mail, postage prepaid, to the appropriate parties as follows:

| | |
|---|---|
| Regional Attorney | Acepex Management Corporation |
| Denver Field Office | Henry Rhee, President |
| Equal Employment Opportunity | 10643 Mills Avenue |
| Commission | Montclair, CA   91763-4612 |
| 303 E. 17th Avenue, Suite 510 | |
| Denver, CO  80203 | |

SO ORDERED this 23rd day of October, 2006.

BY THE COURT:

s/ Robert E. Blackburn

_____
United States District Judge

APPROVED AS TO FORM:

s/ *Rita Byrnes Kittle*                         s/ *Evan Lipstein*
Rita Byrnes Kittle                              Evan Lipstein, Esq.
Trial Attorney                                  Law Offices of Evan Lipstein, P.C.
(303) 866-1347                                  12600 West Colfx, Suite 400
                                                Lakewood, CO 80215
Equal Employment Opportunity
Commission                                      Attorneys for Defendant
303 East 17th Avenue, Suite 510
Denver, CO  80203

Attorneys for Plaintiff EEOC

s/ *John S. Evangelisti*
John S. Evangelisti,
Attorney at Law
1120 Lincoln Street, Suite 711
Denver, CO 80203

Attorney for Yolanda Carrillo

BY CONSENT:                                     Date

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
                                                ACEPEX MANAGEMENT CORPORATION

BY:   _____
      Mary Jo O'Neill
      Regional Attorney                         BY:   _____
                                                      Henry Rhee, President
_____
Date

Yolanda Carrillo                                _____
                                                Date

_____

**ATTACHMENT A**

<u>**NOTICE**</u>

The following notice is being posted pursuant to the terms of a Consent Decree reached between the parties in <u>EEOC v. Acepex Management Corporation</u>, filed in the United States District Court for the District of Colorado, Civil Action No.1:05-cv-01883-REB-CBS.

Management of Acepex Management Corporation wishes to emphasize the company's fundamental policy of providing equal employment opportunity in all of its operation and in all areas of employment practices, and to ensure that there shall be no discrimination against any employee or applicant for employment on the grounds of race, color, religion, sex, pregnancy, national origin, age or disability. This policy extends to insurance benefits and all other terms, conditions and privileges of employment.

Pursuant to Title VII of the Civil Rights Act of 1964, as amended, it is unlawful for an employer to discriminate based upon the sex of an employee or job applicant. Further, it is unlawful for any employer to retaliate against an employee because he or she has opposed discriminatory employment practices, including sex discrimination, or because he or she has filed a charge of discrimination with any municipal, state or federal equal employment opportunity agency, or because he or she has participated in an investigation of a charge of discrimination.

Acepex respects the right of its employees and applicants for employment to work in an environment free from discrimination. Accordingly, Acepex reaffirms its commitment to complying with the strictures of Title VII, in that it is our policy to prohibit all discrimination in terms of hiring, promotion, compensation, benefits, discharge or discipline because of sex.

Any employee who believes that he/she has suffered discrimination on the basis of age, race, color, religion, sex, pregnancy, national origin, or disability, has the right to contact the EEOC directly at 1-800-669-4000. In compliance with federal law, no official at Acepex will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart.

This Notice shall remain posted for the term of three years.

Acepex Management Corporation


By:_____     _____
                                                                Date